UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

```
************************************************
                                      *
Lisa J. Thibodeau and                 *
Susan Rust Dennison,                   *
                                      *        COMPLAINT
                   Plaintiffs          *        Jury Trial Requested
                                      *
v.                                     *
                                      *
Advanced Health and Wellbeing, P.C. and *
Margarita R. Ochoa-Maya, M.D.,         *
                                      *
                   Defendants          *
************************************************
```

## COMPLAINT

NOW COME the plaintiffs Lisa J. Thibodeau and Susan Rust Dennison, by and through their attorneys Douglas, Leonard & Garvey, P.C., and respectfully submit the within Complaint, stating as follows:

## I.  Parties

1.   The plaintiff Lisa J. Thibodeau is a former employee of the defendants.  Ms. Thibodeau resides at 28 Cole Street, Salem, New Hampshire.

2.   The plaintiff Susan Rust Dennison is a former employee of the defendants.  Ms. Dennison resides at 112 Falcon Crest Way, Manchester, New Hampshire.

3.   Advanced Health and Wellbeing, P.C. is a New Hampshire professional corporation with a principal place of business located at 196 Bridge Street #103, Manchester, New Hampshire.

4.   The defendant Dr. Margarita Ochoa-Maya is the President of Advanced Health and Wellbeing, P.C. and has her principal place of business at 196 Bridge Street #103, Manchester, New Hampshire.

## II. Jurisdiction and Venue

5.      The Court has federal question jurisdiction over the plaintiffs' Fair Labor Standards Act claim pursuant to the provisions of 29 U.S.C. §216(b). The Court may exercise supplemental jurisdiction over the plaintiff Thibodeau's State law claims. The Court can exercise personal jurisdiction over the defendants because they reside in New Hampshire.

6.      Venue is proper because the acts and omissions giving rise to this action occurred in the State of New Hampshire.

## III. Facts

7.      The defendants employed Ms. Thibodeau from approximately April 6, 2011, through August 6, 2012. Ms. Thibodeau held the title of medical assistant, but her duties were varied and included scheduling appointments, collecting payments, advertising, and receptionist duties.

8.      The defendants employed Ms. Dennison from approximately May of 2011 through May 10, 2013, when Ms. Dennison resigned her employment. Ms. Dennison held the title of Certified Medical Assistant. Ms. Dennison's job duties included such things as scheduling appointments, "rooming" patients, administering blood sugar tests and injections, calling in prescriptions, and other duties.

9.      Both Ms. Thibodeau and Ms. Dennison made and received interstate phone calls, and sent and received interstate mail, regularly in connection with their employment. This was so because Dr. Ochoa-Maya treated patients from other States such as Florida, Nevada, New York, New Jersey, Vermont, Maine, Massachusetts and even Alaska. The plaintiffs had to communicate with these patients by phone and by mail, in order to do such things as schedule appointments, communicate with the patients regarding their health, transmit and receive

2

records, correspond with the patients' local pharmacies and doctors, and help make arrangements for the patients' transportation and lodging associated with their visits to treat with Dr. Ochoa-Maya.

10.     The defendants acknowledged their responsibility to pay the plaintiffs overtime compensation through the pay period ending February 11, 2012.  For example, Ms. Thibodeau's February 3, 2012, paycheck reflects that the defendants paid her wages at her regular rate at the time of $12.00 per hour, and paid her overtime pay at the time-and-a-half rate of $18.00 per hour, during the pay period running from January 15, 2012, through January 28, 2012.  Exhibit A.  Similarly, Ms. Dennison's February 17, 2012, paycheck reflects that the defendant paid her wages at her regular rate at the time of $12.00 per hour, and paid her overtime pay at the time-and-a-half rate of $18.00 per hour, during the pay period running from January 29, 2012, through February 11, 2012.  Exhibit B.

11.     Although the defendants acknowledged their responsibility to pay the plaintiffs overtime compensation through the pay period ending February 11, 2012, the defendants failed to pay the plaintiffs all overtime compensation owing for overtime hours that they worked up through February 11, 2012.

12.     In or around February of 2012, Dr. Ochoa-Maya announced that the office would no longer comply with the requirement to pay Ms. Thibodeau or Ms. Dennison overtime compensation.  Dr. Ochoa-Maya stated that she would only pay the plaintiffs for 40 hours worked per week.  The plaintiffs protested that they could not accomplish all the work the defendants demanded that they perform within the constraints of a 40-hour workweek.  Ms. Thibodeau in particular advised Dr. Ochoa-Maya that failure to pay overtime compensation would violate the law.  The doctor was undaunted.  Dr. Ochoa-Maya advised the plaintiffs that

the defendants would now allow the plaintiffs "compensatory time off," rather than overtime compensation, if they worked more than 40 hours in a workweek.  Dr. Ochoa-Maya so advised the plaintiffs, despite the fact that it is illegal for private employers to grant employees compensatory time off in order to avoid their 29 U.S.C. §207(a) obligation to pay employees overtime compensation.  *See* 29 U.S.C. §207(o).

13.     The defendants failed and refused to pay the plaintiffs overtime compensation after the pay period ending February 11, 2012 — despite the fact that the defendants continued to require the plaintiffs to work in excess of 40 hours per week.  The defendants ignored the hours worked recorded by Ms. Thibodeau and Ms. Dennison on their time cards, instead paying the employees at their regular rates only for 40 hours worked each week, regardless of how many hours Ms. Thibodeau or Ms. Dennison actually worked during the workweek.

14.     The defendants failed and refused to pay Ms. Thibodeau overtime compensation for overtime hours that Ms. Thibodeau worked from February 13, 2012, through the August 6, 2012, termination of her employment.

15.     The defendants also failed to pay Ms. Thibodeau wages due, failing to pay her at the promised rate of $13 per hour for hours worked on May 1, May 2, May 3 and May 4 of 2012.  *See* Exhibit C, May 22, 2012, letter to Ms. Thibodeau from Advanced Health and Wellbeing.

16.     In addition, the defendants failed to pay Ms. Thibodeau her wages due within 72 hours of her August 6, 2012, discharge, as required by RSA 275:44, I.  The defendants' failure to pay Ms. Thibodeau all wages due within 72 hours of her termination was willful and without good cause, mandating the payment of liquidated damages pursuant to RSA 275:44, IV.  The defendants revealed the willfulness of their failure to pay Ms. Thibodeau all wages due within 72 hours of her termination, where the defendants advised Ms. Thibodeau in her August 6

4

termination letter that she would receive her "regular pay…within the required 72 hour time frame" (Exhibit D), but the defendants then failed to issue Ms. Thibodeau her final wages owing within the promised time period, instead waiting until August 15, 2012, to issue Ms. Thibodeau's final paycheck.  Exhibit E.

17.     The defendants fired Ms. Thibodeau with bad faith and malice, in retaliation against her for performing acts encouraged by public policy.  Dr. Ochoa-Maya fired Ms. Thibodeau on or about August 6, 2012, when Ms. Thibodeau arrived at work following a scheduled dentist's appointment.  Ms. Thibodeau had obtained written consent from Dr. Ochoa-Maya to arrive late for work that day after the dental appointment, but Dr. Ochoa-Maya still berated Ms. Thibodeau, scolding her that her late arrival had somehow been unexcused.  Dr. Ochoa-Maya's real motivation for firing Ms. Thibodeau was her anger towards Ms. Thibodeau for reporting improper and illegal incidents of medical billing by the defendants.  Near the time of Ms. Thibodeau's termination, Dr. Ochoa-Maya was improperly billing for a breath-based body-mass-index test she was providing.  Dr. Ochoa-Maya should only have billed $40.00 for the test, but she billed for the test by submitting a code that corresponded to an office visit valued at $200.00.  Ms. Thibodeau, in connection with her employment duty to process payments made to the defendants, noted an overpayment from an insurance carrier resulting from Dr. Ochoa-Maya improperly coding a breath test as an office visit.  Ms. Thibodeau feared that receipt of the overpayment would constitute fraud and reported her concern to Dr. Ochoa-Maya, who directed Ms. Thibodeau to seek guidance from AthenaHealth, a medical billing service that the defendants used.  Ms. Thibodeau reported the overpayment to AthenaHealth and sought guidance from AthenaHealth to remediate the error.  A representative from AthenaHealth advised Ms. Thibodeau that the defendants should consult with an attorney, which advice Ms.

Thibodeau reported to Dr. Ochoa-Maya.   Dr. Ochoa-Maya proceeded to reprimand Ms. Thibodeau, chastising her that she should never have reported the overpayment to AthenaHealth, even though it was Dr. Ochoa-Maya herself who told Ms. Thibodeau to consult with AthenaHealth.   Dr. Ochoa-Maya often said, "We don't give money back!"   Shortly after Dr. Ochoa-Maya reprimanded Ms. Thibodeau for reporting the overpayment to AthenaHealth, Dr. Ochoa-Maya fired Ms. Thibodeau.

18.     The defendants further failed and refused to pay Ms. Dennison overtime compensation owing for overtime hours that Ms. Dennison worked from February 13, 2012, through the May 10, 2013, termination of her employment.

19.     On or about May 10, 2013, Ms. Dennison's employment terminated because Ms. Dennison could not bear to continue to work for employers that required her to work more than 40 hours per week yet refused to comply with Federal law and pay her overtime compensation for the hours in excess of 40 that she worked in a workweek.  *See* Exhibit F.

20.     Ms. Dennison had accrued vacation time when her employment terminated, for which the defendants failed and refused to compensate her.  *See* Exhibit G (May 22, 2012, letter from Advanced Health and Wellbeing, P.C., granting Ms. Dennison five (5) days of paid time off per year starting May 1, 2012.)

**COUNT I**

**(Violation of Fair Labor Standards Act, 29 U.S.C. §207, by Lisa J. Thibodeau and Susan Rust Dennison)**

21.     The allegations of the preceding paragraphs are incorporated herein by reference.

22.     The plaintiffs were employees engaged in commerce for purposes of 29 U.S.C. §207, and the defendant Advanced Health and Wellbeing, P.C. was an enterprise engaged in commerce for purposes of 29 U.S.C. §207.

23.     The defendant Ochoa-Maya also individually qualifies as the plaintiffs' employer pursuant to 29 U.S.C. §203(d).

24.     In violation of 29 U.S.C. §207(a), the defendants failed to pay the plaintiff Thibodeau overtime compensation owing her, failing to pay the plaintiff Thibodeau at a rate one and one half times her regular rate for hours she worked in workweeks, in excess of 40.  The defendants failed to pay the plaintiff Thibodeau any such overtime compensation from February 12, 2012, through the August 6, 2012, termination of her employment.  The defendants also failed, from time to time, to pay Ms. Thibodeau appropriate overtime compensation, in the April 6, 2011-February 11, 2012, period of her employment.

25.      In violation of 29 U.S.C. §207(a), the defendants failed to pay the plaintiff Dennison overtime compensation owing her, failing to pay the plaintiff Dennison at a rate one and one half times her regular rate for hours she worked in workweeks, in excess of 40.  The defendants failed to pay the plaintiff Dennison any such overtime compensation from February 12, 2012, through her May 10, 2013, resignation.  The defendants also failed, from time to time, to pay Ms. Dennison appropriate overtime compensation, from the beginning of her employment in or around May of 2011 through February 11, 2012.

26.     The defendants' Fair Labor Standards Act violations were willful.

27.     The defendants' Fair Labor Standards Act violations entitle the plaintiff Thibodeau to the unpaid overtime compensation owing her, liquidated damages, reasonable attorney's fees and interest and costs.

28.     The defendants' Fair Labor Standards Act violations entitle the plaintiff Dennison to the unpaid overtime compensation owing her, liquidated damages, reasonable attorney's fees and interest and costs.

## COUNT II

### (Violation of RSA 275 by the plaintiff Thibodeau against the defendant Advanced Health and Wellbeing, P.C.)

29.     The allegations of the preceding paragraphs are incorporated herein by reference.

30.     In violation of RSA 275:43, the defendant failed to pay the plaintiff Thibodeau wages due her, failing to pay her at a $13.00 hourly rate for work performed on May 1, 2012, May 2, 2012, May 3, 2012, and May 4, 2012, notwithstanding that the defendant promised to pay Ms. Thibodeau $13.00 per hour effective May 1, 2012.

31.     In violation of RSA 275:44, the defendant failed to pay the plaintiff Thibodeau her final wages due within 72 hours of her August 6, 2012, termination.

32.     The defendant's violations of RSA 275 entitle the plaintiff Thibodeau to recover her wages owing, liquidated damages associated with the defendants' failure to pay her her final wages owing within 72 hours of her termination pursuant to RSA 275:44, IV, and attorney's fees pursuant to RSA 275:53, III, plus interest and costs.

## COUNT III

### (Wrongful Discharge by the Plaintiff Thibodeau against the defendant Advanced Health and Wellbeing, P.C.)

33.     The allegations of the preceding paragraphs are incorporated herein by reference.

34.     The defendant fired Ms. Thibodeau with bad faith and malice.  The defendant fired Ms. Thibodeau without warning that her employment was in jeopardy, fewer than three (3) months after the defendants had given her a favorable performance review and a raise.  The defendant further fired Ms. Thibodeau for pretextual reasons, doing such things as reprimanding her for coming in late to work after a dental appointment, notwithstanding that Dr. Ochoa-Maya had approved Ms. Thibodeau's absence to attend the dental appointment.

8

35.     The defendant fired Ms. Thibodeau for performing acts encouraged by public policy, firing her because she reported concerns about the defendant's improper billing and because Ms. Thibodeau took steps to try to correct a potential insurance fraud problem arising from the defendant's receipt of an overpayment from an insurance carrier resulting from the defendant's improper billing.

36.     As a direct and proximate result of the defendant's wrongful discharge of the plaintiff Thibodeau, the plaintiff Thibodeau has suffered and continues to suffer damages, including without limitation lost wages, lost earning capacity, lost benefits of employment, emotional distress, humiliation, and loss of enjoyment of life.  Ms. Thibodeau is further entitled to enhanced compensatory damages based on the wanton, malicious and oppressive conduct of the defendant in firing her.

## COUNT IV

### (Violation of RSA 275-E by the Plaintiff Thibodeau against the defendant Advanced Health and Wellbeing, P.C.)

37.     The allegations of the preceding paragraphs are incorporated herein by reference.

38.     The defendant fired Ms. Thibodeau because she reported what she reasonably believed to constitute violations of laws or rules arising under Federal law or State law, reporting illegal and/or improper billing practices as well as the defendant's receipt of an overpayment from an insurance carrier that Ms. Thibodeau reasonably believed constituted a violation of New Hampshire and/or Federal laws and/or rules prohibiting insurance fraud.

39.     As a direct and proximate result of the defendant's violations of RSA 275-E, Ms. Thibodeau is entitled to back pay and her reasonable attorney's fees and costs.

## COUNT V

### (Violation of RSA 275 by the Plaintiff Dennison against the defendant Advanced Health and Wellbeing, P.C.)

40.     The allegations of the preceding paragraphs are incorporated herein by reference.

41.     In violation of RSA 275:43, the defendant failed to pay the plaintiff Dennison her vacation pay owing at the time of the termination of her employment.

42.     The defendant's violation of RSA 275 entitles the plaintiff Dennison to recover her wages owing, liquidated damages associated with the defendant's failure to pay her her accrued vacation pay in her final paycheck as required by RSA 275:44, IV, and attorney's fees pursuant to RSA 275:53, III, plus interest and costs.

## COUNT VI

### (Wrongful Discharge by the Plaintiff Dennison against the defendant Advanced Health and Wellbeing, P.C.)

43.     The allegations of the preceding paragraphs are incorporated herein by reference.

44.     The defendants acted with bad faith and malice towards the plaintiff Dennison, regularly requiring her to work more than 40 hours in workweeks, but refusing to compensate her for her overtime work as required by Federal law.

45.     Public policy requires employers to compensate employees at time-and-a-half rates for the hours employees work in excess of 40 during workweeks.  This policy is statutory, deriving from the Fair Labor Standards Act, specifically 29 U.S.C. §207.  Public policy further requires that employers compensate employees for all hours worked.  This policy is also statutory, deriving from the New Hampshire wage and hour laws codified at RSA 275.

46.     Ms. Dennison's employment terminated because she refused to perform acts that public policy would discourage.  She refused to condone the defendant's flagrant violations of

10

the Fair Labor Standards Act by continuing to work for employers who refused to meet their obligations to her under the Act, refusing to pay her overtime compensation for the overtime hours her employers required her to work.

47.     Ms. Dennison felt compelled to resign her employment because she found her working conditions intolerable.  Ms. Dennison could not tolerate having to work more than 40 hours a week to accomplish the job duties which her employers demanded that she fulfill, where her employers refused to fulfill their duties to her, refusing to pay her the overtime compensation Federal law guaranteed to her for her overtime work.  Any reasonable employee would feel compelled to resign under such circumstances because no reasonable employee would continue to work for an employer who demands that its employees excuse the employer from the obligation to comply with Federal laws protecting employees as a condition of employment.

48.     As a direct and proximate result of the defendants' wrongful discharge of the plaintiff Dennison, the plaintiff Dennison has suffered and continues to suffer damages, including without limitation lost wages, lost earning capacity, lost benefits of employment, emotional distress, humiliation, and loss of enjoyment of life.  Ms. Dennison is further entitled to enhanced compensatory damages based on the wanton, malicious and oppressive conduct of the defendant in constructively discharging her by regularly requiring her to work more than 40 hours per week on the one hand, while on the other hand failing and refusing to compensate her appropriately for the hours in excess of 40 that she worked in her workweeks and failing and refusing to pay her the overtime compensation to which she was entitled under Federal law.

WHEREFORE, the plaintiffs respectfully pray this Honorable Court:

A.      Schedule this matter for trial by jury, and after trial;

B.      Find the defendants liable to each plaintiff for violation of the overtime pay provisions of the Fair Labor Standards Act;

C.      Award each plaintiff all unpaid overtime compensation owing her;

D.      Award each plaintiff liquidated damages associated with the unpaid overtime compensation owing her;

E.      Find the defendant Advanced Health and Wellbeing, P.C. liable to the plaintiff Thibodeau for violations of RSA 275:43 and RSA 275:44;

F.      Award the plaintiff Thibodeau her unpaid wages;

G.      Award the plaintiff Thibodeau liquidated damages associated with the failure of the defendant Advanced Health and Wellbeing, P.C. to pay her her final wages owing within 72 hours of her termination pursuant to RSA 275:44, IV;

H.      Find the defendant Advanced Health and Wellbeing, P.C. liable to the plaintiff Thibodeau for wrongful discharge;

I.      Find the defendant Advanced Health and Wellbeing, P.C. liable to the plaintiff Thibodeau for violation of RSA 275-E;

J.      Award the plaintiff Thibodeau damages for lost wages, lost earning capacity, lost benefits of employment, emotional distress, humiliation, loss of enjoyment of life, and enhanced compensatory damages;

K.      Find the defendant Advanced Health and Wellbeing, P.C. liable to the plaintiff Dennison for violation of RSA 275:44, II;

L.      Award the plaintiff Dennison her unpaid wages, specifically her unpaid vacation pay;

M.      Find the defendant Advanced Health and Wellbeing, P.C. liable to the plaintiff Dennison for wrongful discharge;

N.      Award the plaintiffs their reasonable attorney's fees;

O.      Award the plaintiffs interest and costs; and

P.      Grant the plaintiff such other and further relief as is just and equitable.

Respectfully submitted,
LISA J. THIBODEAU and
SUSAN RUST DENNISON
By their attorneys,
DOUGLAS, LEONARD & GARVEY, P.C.

Date: January 24, 2014            By:     __/s/Benjamin T. King_____
                                          Benjamin T. King, NH Bar #12888
                                          14 South Street, Suite 5
                                          Concord, NH 03301
                                          (603) 224-1988
                                          benjamin@nhlawoffice.com